UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff/Respondent,<br><br>v.<br><br>EDUARDO FRIAS-COBOS,<br><br>      Defendant/Movant. | Case No. 1:12-cv-00049-EJL<br>     1:07-cr-00271-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Pending before the Court is Eduardo Frias-Cobos' ("Frias-Cobos") Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1). Having reviewed the Motion as well as the Response (Civ. Dkt. 4) and the underlying criminal record, the Court enters the following Order dismissing the Motion.

**PROCEDURAL BACKGROUND**

On April 9, 2008, Frias-Cobos was charged with one count of conspiracy to distribute 500 grams or more of methamphetamine, one count of attempted distribution of 500 grams or more of methamphetamine, one count of possession with intent to distribute 500 grams or more of methamphetamine, one count of possession with intent to distribute

**MEMORANDUM DECISION AND ORDER - 1**

methamphetamine, one count of possession of cocaine, and one related forfeiture count. *Superseding Indictment*, Crim. Dkt. 87. A jury found him guilty of all but one count of possession with intent to distribute. *Jury Verdict*, Crim. Dkt. 128. Prior to sentencing his attorney objected to the Presentence Report on various grounds including the failure to apply a 2-level minor role adjustment and to the imposition of a firearm enhancement. *Objections to Presentence Report*, Crim. Dkt. 136; *Supplemental Objections to Presentence Report*, Crim. Dkt. 170. The Court overruled both objections and determined that the total offense level was 40 which, with a criminal history category of I, yielded a guideline range of 292-365. *Sent. Tr.* 16-18, Crim. Dtkt. 209. However, after consideration of the 18 U.S.C. § 3553(a) factors, the Court imposed a sentence of 240 months on each of Counts One, Two, and Three, and 12 months on each of Counts Four and Five, all to be served concurrently. *Sent. Tr.* 20-21; 24-25; *Judgment* Crim. Dkt. 202.

Frias-Cobos appealed his sentence on several grounds including, as relevant here, the failure to apply a minor role adjustment and the imposition of the firearm enhancement. On October 19, 2009, the Ninth Circuit affirmed the sentence. *USCA Mem.*, Crim. Dkt. 217. Frias-Cobos did not file a petition for a writ of certiorari with the Supreme Court. On February 12, 2012, Frias-Cobos filed the pending § 2255 Motion.

## REVIEW OF § 2255 MOTION

Frias-Cobos filed his § 2255 Motion over two years after the Ninth Circuit affirmed his sentence. It is fifty-one pages in length almost all of which is legal argument except for a five-page statement of the case. *§ 2255 Motion* 7-11. There is little to no attempt to tie the arguments to the facts or issues in his case. Much of the legal argument is about issues not relevant to his case. At best, the Court can identify arguments pertaining to the firearm enhancement, judicially found facts, reasonableness of his sentence, and ineffective assistance of counsel.

The Court subsequently entered an order directing the Government to respond to the § 2255 Motion with thirty (30) days and allowing Frias-Cobos fourteen (14) days thereafter in which to file a reply. The Government timely filed its Response in which it contends that the § 2255 Motion is untimely and that it is otherwise dismissible on the merits. *Response*, Civ. Dkt. 4. Frias-Cobos did not file a Reply.

## STANDARDS OF LAW

1.     **28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

**MEMORANDUM DECISION AND ORDER - 3**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

2. **Ineffective Assistance of Counsel**

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U. S. 668 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

**MEMORANDUM DECISION AND ORDER - 4**

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687).

## DISCUSSION

The Court concurs with the Government that Frias-Cobos' § 2255 Motion is subject to dismissal on various grounds.

**1.   Statute of Limitations**

Motions filed pursuant to 28 U.S.C. § 2255 generally must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). In a case, such as the present one, where an appeal from the federal conviction was pursued in the Ninth Circuit but no petition for *certiorari* was pursued in the United States Supreme Court, the conviction becomes final, and the one-year period within which to file a motion under § 2255 begins to run, ninety days after the Ninth Circuit's judgment is entered (i.e. the time allowed to file for *certiorari* in the Supreme Court). *See United States v. Garcia*, 210 F.3d 1058 (9th Cir. 2000).

The Ninth Circuit issued its Judgment affirming the conviction on October 19, 2009. Therefore, Frias-Cobos' convictions became final on January 18, 2010 (*i.e.*, ninety days after the Ninth Circuit's judgment was entered). Therefore, he had until January 18, 2011, to file a § 2255 motion. However, as mentioned above, he did not file his motion until February 3, 2012, more than one year after the deadline passed.[1]

Where a § 2255 motion is untimely under § 2255(f)(1), the statute of limitations may be tolled if the movant can show that he has diligently pursued his rights and that extraordinary circumstances existed that prevented timely filing. *United States v. Aquirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, Frias-Cobos was given the opportunity to respond to the Government's claim that the § 2255 Motion is untimely and failed to do so. Accordingly, it is subject to dismissal as time-barred unless one of the other statutory tolling provisions applies.

Section 2255 provides that if subsection (f)(1) does not apply, the limitations period can be extended to one year beyond the latest of the following dates:

> The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized

---

[1] The timeline calculation in the Government's Response is incorrect. *See Response* at 2-3. Nevertheless, its argument that the § 2255 is untimely is still valid.

**MEMORANDUM DECISION AND ORDER - 6**

> by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f)(2)(3) and (4).

Frias-Cobos has not made any allegations that would implicate any of the statutory tolling provisions. Therefore, Frias-Cobos' § 2255 Motion is untimely. However, even if it were not untimely, it is subject to dismissal on the merits.

**2.** *Apprendi* **Claim**

In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Here, Frias-Cobos appears to allege that the Court found facts that raised his sentence beyond the statutory maximum. This argument is rebutted by the record.

The penalty for a conviction for conspiracy, distribution, or possession with intent to deliver 500 grams or more of methamphetamine is set by statute to be not less than ten years or more than life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). Here, the jury, not the Court, specifically found that the charged offenses under this statute involved 500 grams or more of methamphetamine. The sentence imposed was considerably less than the statutory maximum of life.

**MEMORANDUM DECISION AND ORDER - 7**

After Frias-Cobos filed his § 2255 Motion, the Supreme Court extended the rule of *Apprendi* to facts that increase the mandatory minimum. *See Alleyne v. United States*, 133 S.Ct. 2151, 2155 (2013). In other words, *Alleyne* dictates that any fact that increases the mandatory minimum must be submitted to a jury and proven beyond a reasonable doubt. *Alleyne*, however, is inapplicable here because the jury, not the Court, found the drug quantity that established the mandatory minimum of ten years.

To the extent that Frias-Cobos alleges that the Court erred in making factual determinations on the drug quantity, his claim is subject to dismissal because the sentence imposed is within the permissible statutory range. *See Alleyne*, 133 S.Ct. at 2163 (emphasizing that *Apprendi* and *Alleyne* allow for broad discretion in judicial factfinding within the prescribed range).

### 3.     Firearm Enhancement

Frias-Cobos alleges that the Court erred in applying the firearm enhancement. The Ninth Circuit upheld application of the firearm enhancement. "Issues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding. The fact that the issue may be stated in different terms is of no significance." *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979) (citations omitted).

### 4. Reasonableness of Sentence

Frias-Cobos alleges that the Court gave "superior" consideration to the sentencing guideline over the § 18 U.S.C. § 3553(a) factors. *§ 2255 Motion* at 12. This claim is belied by the record. As shown above, the Court found the guideline range to be 292-365 months, recognized that it was not bound by the guidelines, considered the § 3353(a) factors, and imposed a below guideline sentence of 240 months.

### 5. Ineffective Assistance of Counsel

Frias-Cobos includes a claim for ineffective assistance of counsel and recites the applicable legal standard. However, he fails to identify even in general terms, in what respect counsel's performance was deficient or how he was prejudiced. As stated above, mere conclusory allegations are not sufficient to support a claim of ineffective assistance of counsel. *See Shah*, 878 F.2d at 1161.

### CONCLUSION

Frias-Cobos' § 2255 Motion is clearly untimely. However, even if it were not, his claims addressed above would be subject to dismissal. The Court has reviewed the entire § 2255 Motion and has not identified any other issues that warrant consideration either because they are inapplicable to his case or they are inadequately supported by specific, credible allegations.

# CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[2] When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Slack,* 529 U.S. at 484; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's determination that the § 2255 Motion is time-barred or that other identified issues are subject to dismissal to be debatable or wrong. Accordingly, a certificate of appealability will not issue.

---

[2] The requirements for a certificate of appealability for a § 2255 appeal do not appear to differ from the requirements for a certificate of appealability for a § 2254 habeas petition related to a state conviction. *See United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997). Therefore, cases addressing the requirements in the context of a § 2254 proceeding are pertinent to a § 2255 proceeding as well.

**MEMORANDUM DECISION AND ORDER - 10**

# ORDER

**IT IS ORDERED:**

1. Eduardo Frias-Cobos' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ.Dkt. 1 and Crim. Dkt. 224) is **DISMISSED** in its entirety.

2. No certificate of appealability shall issue. Frias-Cobos is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

5. If Frias-Cobos files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: **August 15, 2014**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 11**